

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| *In re MedStar ERISA Litigation* | Master File No: 1:20-cv-01984-DLB <br><br> Judge Deborah L. Boardman |

## STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING CLASS CERTIFICATION

Plaintiff Elsa Reed ("Plaintiff") and Defendants MedStar Health, Inc., the Board of Directors of MedStar Health, Inc., and the MedStar Health, Inc. Retirement Savings Plan Committee (collectively, "Defendants" and with Plaintiff, the "Parties"), hereby respectfully submit this Stipulation and [Proposed] Order Regarding Class Certification ("Stipulation").

WHEREAS, Plaintiff filed her Consolidated Class Action Complaint (ECF No. 11, the "Complaint") on September 20, 2020 on behalf of the MedStar Health, Inc. Retirement Savings Plan (the "Plan") and a proposed class of participants and beneficiaries of the Plan; and

WHEREAS, the Parties have met and conferred regarding streamlining the litigation for purposes of the efficient management of the litigation.

THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE COURT'S APPROVAL, AS FOLLOWS:

1. The following class ("Class") shall be certified to pursue the claims set forth in the Complaint:

    All participants and beneficiaries in the MedStar Health, Inc. Retirement Savings Plan at any time on or after July 6, 2014 to the present (the "Class Period"), including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period.

2. Plaintiff may be appointed as Class representative.

3. Miller Shah LLP and Capozzi Adler, P.C. may be appointed as Class counsel.

4. This Stipulation is without prejudice to any party's ability to seek relief under Rule 23(c)(1)(C) at any time before final judgment, based on a good-faith belief that, because of changed circumstances or new information, the Class no longer satisfies the requirements of Rule 23(a) or 23(b)(1).

IT IS SO STIPULATED.

Plaintiff makes the following additional statements in support of the certification of the Class:

1. The Class is numerous, as the Plan had over 25,000 participants during the Class Period.

2. There are common issues related to the claims of the Class including *inter alia*: (1) whether Defendants discharged their duties of prudence and loyalty with respect to the Plan in (a) monitoring investment options in the Plan and (b) monitoring the Plan's recordkeeping and administrative services arrangements; (2) whether the Plan and its participants and beneficiaries were injured by any breaches of duty; and (3) whether the Plan and its participants and beneficiaries are entitled to any recovery and the measure of any such recovery.

3. Plaintiff is typical of other Class members with respect to the claims at issue in this litigation, as she participated in the Plan during the Class Period and was treated consistently with other Class members.

4. Plaintiff is adequate to represent the Class and has no known conflicts with any Class members. In addition, Plaintiff has retained competent and experienced counsel, associated with Miller Shah LLP and Capozzi Adler, P.C., on behalf of the Class. Neither Plaintiff nor her counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this action. Plaintiff and her counsel are adequate to represent the Class.

5. Certification of the Class is appropriate under Federal Rule of Civil Procedure

23(b)(1)(A) because prosecuting separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

6. Certification of the Class is also appropriate under Federal Rule of Civil Procedure 23(b)(1)(B) because adjudications as to individual Class members, as a practical matter, would be dispositive of the interests of other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

7. Class certification has been granted in ERISA cases involving defined contribution plans in the Fourth Circuit and around the country. *See, e.g., Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018); *Sims v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017); *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59 (M.D.N.C. 2008).

8. Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans, including in the Fourth Circuit. *See, e..g., Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427 (D. Md. May 17, 2019); *Reetz v. Lowe's Cos., Inc.*, No. 5:18-cv-00075, Dkt. 97 (W.D.N.C. 5:18-cv-00075); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25, 2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

DATED: July 1, 2022                    /s/ *Laurie Rubinow*

James E. Miller (admitted *pro hac vice*)
Laurie Rubinow (admitted *pro hac vice*)
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
         lrubinow@millershah.com

James C. Shah (admitted *pro hac vice*)
Alec J. Berin (admitted *pro hac vice*)
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, Pennsylvania 19103
Tel.: (866) 540-5505
Fax: (866) 300-7367
Email: jcshah@millershah.com
         ajberin@millershah.com

Mark K. Gyandoh (admitted *pro hac vice*)
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, Pennsylvania 19066
Tel.: (610) 890-0200
Fax: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey (admitted *pro hac vice*)
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, Pennsylvania 17110
Tel.: (717) 233-4101
Fax: (717) 233-4103
Email: donr@capozziadler.com

Case 1:20-cv-01984-DLB Document 61 Filed 07/01/22 Page 5 of 7

Timothy F. Maloney
Jay P. Holland
Alyse L. Prawde
JOSEPH, GREENWALD & LAAKE
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Tel.: (301) 220-2200
Fax: (240) 553-1737
Email: tmaloney@jgllaw.com
       jholland@jgllaw.com
       aprawde@jgllaw.com

*Counsel for Plaintiffs, the Plan and the Proposed Class*

DATED: July 1, 2022        /s/ *Paul A. Solomon* (with consent)

                                          Paul A. Solomon (ID No. 19920)
                                          SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP
                                          1440 New York Avenue, N.W.
                                          Washington, D.C. 20005
                                          Tel.: (202) 371-7000
                                          Fax: (202) 393-5760
                                          Email: paul.solomon@skadden.com

                                          James R. Carroll (admitted pro hac vice)
                                          Michael S. Hines (admitted pro hac vice)
                                          Mary Grinman (admitted pro hac vice)
                                          SKADDEN, ARPS, SLATE
                                          MEAGHER & FLOM LLP
                                          500 Boylston Street
                                          Boston, Massachusetts 02116
                                          Tel.: (617) 573-4800
                                          Fax: (617) 573-4822
                                          Email: james.carroll@skadden.com
                                                               michael.hines@skadden.com
                                                               mary.grinman@skadden.com

                                          *Counsel for Defendants*

**IT IS SO ORDERED.** Based on the Parties' Stipulation and [Proposed] Order Regarding Class Certification, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(1) are satisfied, and hereby certifies the following class:

> All participants and beneficiaries in the MedStar Health, Inc. Retirement Savings Plan at any time on or after July 6, 2014 to the present, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period.

**IT IS FURTHER ORDERED** that Plaintiff Elsa Reed is appointed as Class representative and Miller Shah LLP and Capozzi Adler, P.C. are appointed as Class counsel.

DATED: July 12, 2022

_____
Hon. Deborah L. Boardman
United States District Judge